**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Docket No. 21-cv-12815-KM** |
| **Plaintiff** | : | |
| | : | **<u>Civil Action</u>** |
| **vs.** | : | |
| | : | |
| **GREGORY JOHN SCHAFFER** | : | |

**SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO VACATE, SET-ASIDE OR CORRECT A SENTENCE PURSUANT TO 28 § U.S.C. 2255 (ECF #1)**

Mr. Schaffer believes that the fact that his trial counsel conceded, that he took the images and even participated in the inappropriate encounters with the victims, amounts to ineffective assistance of counsel. [1]

> The right to effective assistance of counsel is found in the Sixth Amendment to the U.S. Constitution. The Sixth Amendment states: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." This right was comprehensively discussed in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
>
> First, the defendant must show that counsel's performance was deficient. This required showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This required showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is unreliable. 466 U.S. at 687, 104 S.Ct. at 2064.

Mr. Schaffer's position is that this admission by counsel to his guilt with a sexual

1 Mr. Schaffer's position is that there was no evidence as to who placed the images on the device.

encounter with the alleged victims in this matter was so serious that it deprived him of a fair trial and led to an unreliable jury verdict. The admissions made by counsel amounted to prejudice to the defense and it shows that there is a reasonable probability that the result of the proceeding would have been different had that admission not been made. Strickland, 466 U.S. @694. Reasonable probability is defined as a probability sufficient to undermine confidence in the outcome. Id. In a New Jersey State case, State v. Harrington, 310 N.J. Super 272, 282 (App. Div. 1998), the Appellate Court found ineffective assistance of counsel.

> Defendant argues that he was deprived of the effective assistance of counsel by reason of his trial attorney's highly damaging concession. We agree. By admitting defendant's guilt of robbery, defense counsel assured his conviction for felony murder. Had defendant been charged with capital murder, his attorney's concession could perhaps be viewed as a reasonable strategy designed to avoid the death penalty. While it is true that by conceding his guilt of felony murder, defendant could avoid imposition of a separate, consecutive twenty-year sentence on the merged robbery count, nothing in the record suggests that this was a deliberate tactical or strategic decision. We do not believe that defendant suffered this error for tactical or strategic advantage. More likely, counsel's concession constituted an unthinking blunder. While we have considered remanding the matter for a hearing to determine what motivate defense counsel in admitting defendant's guilt of the underlying robbery, we do not deem it a palliative to explore testimonially the thoughts of trial counsel or his pertinent conversation with his now unhappy client. Our experience in that area "suggest such inquiries demean the attorney-client relationship with no compensating gain." State v. Macon, 57 N.J. 325, 333, 273 A.2d 1 (1971). Beyond this, to ask counsel and defendant to reconstruct their conversations and decisions now from the vantage point of twenty-twenty hindsight would be a near impossible task in light of their competing interests.

Furthermore, it is Mr. Schaffer's position that he did not consent to this admission of his guilt as to the two victims and the alleged sexual activity with them. The Third Circuit made a point in its decision upholding the conviction that Schaffer took the images and participated in the inappropriate encounters with victims. (See. The Government's opposition ECF Document 5,

Exhibit C, Page 5) As discussed in U.S. v. Wilson, 960 F.3d 136 @143 (3rd Cir. 2020) Judge Bibas discussed the United States Supreme Court holding in McCoy v. Louisiana, 138 S.Ct. 1500 (2018) as follows:

> The Sixth Amendment respects a defendant's right to counsel and right to autonomy by dividing ultimate decision-making authority between lawyer and defendant. Lawyers control tactics, while defendants get to set big-picture objectives. For tactical decisions, like which arguments to press and what objections to raise, the lawyer calls the shots. *See Gonzalez v. United States*, 553 U.S. 242, 248-49, 128 S.Ct. 1765, 170 L.Ed.2d 616 (2008) (citing *New York v. Hill*, 528 U.S. 110, 114-15, 120 S.Ct. 659, 145 L.Ed.2d 560 (2000)). But fundamental decisions belong to the defendant alone: whether to plead guilty, waive a jury trial, testify, or appeal. *Jones v. Barnes*, 463 U.S. 45, 751, 103 S.Ct. 308, 77 L.Ed.2d 987 (1983).
>
> Recently, in *McCoy v. Louisiana*, the Supreme Court clarified the line between tactical and fundamental decisions. *See* --- U.S. ----, 138 S.Ct. 1500, 1507-08, 200 L.Ed.2d 821 (2018). On the one hand, "strategic choices about how best to *achieve* a client's objective" are decisions for lawyers, so we review them for ineffectiveness. Id. at 1508. On the other hand, "choices about what the client's objectives in fact *are*" belong to defendants themselves, and violating a defendant's right to make those choices is structural error. *Id*.
>
> In *McCoy*, the defendant was charged with murdering three relatives of his estranged wife and faced a possible death sentence. 138 S.Ct. at 1505-06. His counsel wanted to concede guilt and argue for mercy at sentencing. *Id.* at 1506 & n.2. But the defendant insisted on contesting guilty; he demanded that counsel instead advance a conspiracy theory that he was being framed by crooked state and federal officials. See id. at 1513 (Alito, J., dissenting). Counsel ignored that demand and conceded before the jury that McCoy had killed the victims. *Id*. at 1506-07 (majority opinion).
>
> The Supreme Court vacated McCoy's convictions. The Sixth Amendment, it held, guarantees defendants the "[a]utonomy to decide that the objectives of the defense is to assert innocence." 138 S.Ct. at 1508. Violation of that right is structural error. *Id*. at 1511. The Court observed that a defendant "may wish to avoid, above all else, the opprobrium that comes with admitting he killed family members." *Id.* at 1508. So "[w]hen a client expressly asserts that the objective of '*his* defence' is to maintain innocence of the charged criminal acts, his lawyer must abide by that objective and may not

> override it by conceding guilty." *Id.* at 1509 (quoting U.S. Const. amend. VI). Yet the Court did not explain what kinds of concessions count as "conceding guilt." That is the issue here.

It is Mr. Schaffer's position that this was a big picture objective/fundamental decision belonging to him alone. Mr. Schaffer's choice was not honored and therefore, counsel in this matter was ineffective.

## CONCLUSION

For the foregoing reasons, defendant, GREGORY JOHN SCHAFFER, respectfully requests that an Order be entered granting the relief requested herein.

Respectfully submitted,

Dated: August 31, 2022

/s/ *Michael P. Koribanics*
Michael P. Koribanics, Esq.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Docket No. 21-cv-12815-KM** |
| **Plaintiff** | : | |
| | : | **Civil Action** |
| **vs.** | : | |
| | : | |
| **GREGORY JOHN SCHAFFER** | : | **CERTIFICATION OF MAILING** |

I, Colleen M. Re, Secretary to Michael P. Koribanics, Esq., do hereby certify as follows:

1. On August 31, 2022 I Filed via CM/ECF, the following documents:
    1. Supplemental Brief in support of Motion to Vacate, Set-Aside, or Correct a Sentence Pursuant to 28 § U.S.C. 2255, and
    2. Certification of Mailing via CM/ECF

to:

United States District Court, District of New Jersey Newark
M.L. King, Jr. Federal Bldg. & U.S. Courthouse
50 Walnut St.,
Newark, NJ 07102

Hon., Jessica S. Allen, U.S.D.J.
United States District Court, District of New Jersey Newark
M. L. King Federal Building & Courthouse, Room 4076
50 Walnut Street
Newark, NJ 07102

Jason Scott Gould, AUSA
United States District Attorney's Office
970 Broad Street, Suite 700
Newark, NJ 07102

Sarah Devlin, A.U.S.A.
United States District Attorney's Office
970 Broad Street, Suite 700
Newark, NJ 07102

I hereby certify that the above is true to the best of my knowledge and belief. I am aware that if any of the foregoing is willfully false, I am subject to punishment.

Dated: August 31, 2022 **/s/ Colleen M. Re, Secretary**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Docket No. 21-cv-12815-KM** |
| **Plaintiff** | : | |
| | : | **Criminal Action** |
| **vs.** | : | |
| | : | **ORDER GRANTING RELIEF ON** |
| **GREGORY JOHN SCHAFFER.** | : | **NOTICE OF RULE 29 & 33 MOTIONS** |

THIS MATTER having been opened to the Court by Michael P. Koribanics, Esq., attorney for the accused GREGORY JOHN SCHAFFER, for an Order granting the relief sought in the Motions hereto filed, and good cause having been shown;

IT is on this __________ day of ____________________________________, 2022,

HEREBY ORDERED that the specific relief requested in defendant's Notice of Rule 29 & 33 Motions be, and hereby is granted in its entirety.

________________________________________
HON. JESSICA S. ALLEN
U.S. District Magistrate Judge